HRH Construction Interiors, Inc., et al., Respondents, v Royal Surplus Lines Insurance Company et al., Appellants. (And a Third-Party Action.) [791 NYS2d 76]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered February 4, 2004, which, upon the parties' motions for summary judgment, declared that defendant Royal Surplus Lines Insurance Company (Royal) is obligated to defend plaintiff HRH Construction Interiors, Inc. (HRH) in the underlying action, and that Royal is obligated to reimburse HRH and plaintiff National Union Fire Insurance Company (National) for all legal fees incurred in the defense of the underlying action from December 30, 1999 to the present, unanimously modified, on the law, to delete "December 30, 1999" and substitute therefor "November 22, 2000," and otherwise affirmed, without costs.

The underlying action arises from a worker's fatal fall at a construction site referred to as the Scholastic project. HRH was the project's general contractor; the worker was employed by a subcontractor; National is HRH's general liability insurer; and Royal is the subcontractor's general liability insurer. The contract between HRH and the subcontractor required the subcontractor to indemnify and hold HRH harmless from all losses arising out the subcontractor's work, and as part of that obligation, also required the subcontractor to procure primary insurance naming, inter alia, HRH as an additional insured. National's policy with HRH and Royal's policy procured by the subcontractor contain identical "Other Insurance" clauses to the effect that the policy is primary, unless there is other insurance that is also primary, in which event the insurer would share the loss equally with all other insurance permitting contribution by equal shares, up to the limits of the policy. Royal's policy with the subcontractor also contains an endorsement, entitled "Additional Insured (Blanket—Primary)," including as an insured any organization for which the subcontractor is obligated to provide insurance by virtue of a written contract, but only with respect to operations performed by the subcontractor, and providing that if such contract requires such insurance to be primary, then Royal's policy "shall be primary as respects [the subcontractor's] negligence . . . . Other Insurance does not apply, but only with respect to coverage provided by this policy." Also part of Royal's policy is an endorsement that is labeled a "Schedule" of "Additional Insureds" at the Scholastic project, and which lists 21 "Owners, Lessees or Contractors" at that project, by their proper names and roles, the first name listed being "HRH Construction Interiors, Inc. (CM)."

Royal argues that the "specific" Scholastic endorsement over-

rides the "general" blanket additional insured endorsement, and that because the Scholastic endorsement does not contain any language pertaining to other insurance, National and Royal are coprimary insurers equally responsible for HRH's defense. The motion court aptly rejected this argument as a "torture[d]" interpretation of the Royal policy. Clearly, the Scholastic endorsement was meant to be read in addition to the blanket endorsement, and not to replace it. We would add that Royal adduces no extrinsic evidence in support of its interpretation.

Since Royal's duty to defend is triggered by a "suit" against an insured, such duty arose upon the commencement of the underlying action against HRH, not upon National's notice to Royal of the accident and initial tender of the defense, and we modify accordingly.

We have considered Royal's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Williams, Gonzalez and Catterson, JJ.