[839 NE2d 886, 805 NYS2d 533]

MARSHA MARONEY, Individually and as Parent and Natural Guardian of MARK MARONEY, an Infant, Appellant, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. (And a Third-Party Action.)

Argued September 15, 2005; decided October 27, 2005

468

### POINTS OF COUNSEL

*Powers & Santola, LLP,* Albany (*Michael J. Hutter* of counsel), for appellant. I. New York Central Mutual Fire Insurance Company (NYCM) may properly be found as a matter of law to have a duty to defend and indemnify its insured, the Morrises, with respect to the underlying negligence action on this summary judgment motion as there is no possible factual or legal basis upon which it may be concluded that the underlying incident and claim is encompassed by the policy's "business pursuits" and "owned premises" exclusions, the only bases upon which NYCM seeks to avoid coverage. (*Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *Lewis v Ocean Acc. & Guar. Corp., Ltd., of London, England,* 224 NY 18; *Smith v Pennsylvania Gen. Ins. Co.,* 32 AD2d 854, 27 NY2d 830; *Vargas v Insurance Co. of N. Am.,* 651 F2d 838; *Neuwirth v Blue Cross & Blue Shield of Greater N.Y., Blue Cross Assn.,* 62 NY2d 718; *International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *Prashker v United States Guar. Co.,* 1 NY2d 584.) II. The "owned premises" exclusion does not as a matter of law apply. (*State of New York v Home Indem. Co.,* 66 NY2d 669; *New York Dock Co. v Brown, Inc.,* 272 NY 176; *Caporino v Travelers Ins. Co.,* 62 NY2d 234; *Sea Ins. Co., Ltd. v Westchester Fire Ins. Co.,* 849 F Supp 221, 51 F3d 22; *Bianco v Travelers Ins. Co.,* 99 AD2d 629; *Sanabria v American Home Assur. Co.,* 68 NY2d 866; *RJC Realty Holding Corp. v Republic Franklin Ins. Co.,* 2 NY3d 158; *Brabender v Northern Assur. Co. of Am.,* 65 F3d 269; *Eagle Ins. Co. v Butts,* 269 AD2d

558; *Lumbermen's Mut. Cas. Co. v Logan,* 88 AD2d 971.) III. New York Central Mutual Fire Insurance Company has waived any right it may have to disclaim coverage under its policy's "business pursuits" exclusion by reason of the Morrises' horse-boarding business. (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Benjamin Shapiro Realty Co. v Agricultural Ins. Co.,* 287 AD2d 389; *2540 Assoc. v Assicurazioni Generali,* 271 AD2d 282; *Appell v Liberty Mut. Ins. Co.,* 22 AD2d 906, 17 NY2d 519; *Allstate Ins. Co. v Moon,* 89 AD2d 804; *Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.,* 92 NY2d 363; *Agoado Realty Corp. v United Intl. Ins. Co.,* 260 AD2d 112, 95 NY2d 141; *Cain v Allstate Ins. Co.,* 234 AD2d 775; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Allstate Ins. Co. v Noorhassan,* 158 AD2d 638.) IV. The "business pursuits" exclusion does not as a matter of law apply. (*Velleman v Continental Ins. Co.,* 162 Misc 2d 95; *Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Graphic Arts Mut. Ins. Co. v Bakers Mut. Ins. Co. of N.Y.,* 45 NY2d 551; *Neuwirth v Blue Cross & Blue Shield of Greater N.Y., Blue Cross Assn.,* 62 NY2d 718; *Lamb v Security Mut. Ins. Co.,* 278 AD2d 855; *Baron v Home Ins. Co.,* 112 AD2d 391; *Utica Mut. Ins. Co. v Prudential Prop. & Cas. Ins. Co.,* 103 AD2d 60; *Gulf Ins. Co. v Tilley,* 280 F Supp 60, 393 F2d 119; *Gallo v Grosvenor,* 175 AD2d 454; *Baron v Home Ins. Co.,* 112 AD2d 391.)

*Flink Smith LLC,* Latham (*Jeffrey D. Wait* and *Edward B. Flink* of counsel), for respondent. I. New York Central Mutual Fire Insurance Company met its burden with respect to both the "owned premises" and "business pursuits" exclusions. (*Bleckner v General Acc. Ins. Co. of Am.,* 713 F Supp 642; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *Zandri Constr. Co. v Firemen's Ins. Co. of Newark,* 81 AD2d 106, 54 NY2d 999.) II. The "owned premises" exclusion applies to the facts presented. (*Bianco v Travelers Ins. Co.,* 99 AD2d 629; *Kappes v Cohoes Bowling Arena,* 2 AD3d 1034; *Stickles v Fuller,* 2 Misc 3d 954; *Sea Ins. Co., Ltd. v Westchester Fire Ins. Co.,* 849 F Supp 221, 51 F3d 22; *St. Paul Fire & Mar. Ins. Co. v Insurance Co. of N. Am.,* 501 F Supp 136; *Murdock v Dinsmoor,* 892 F2d 7; *Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.,* 91 AD2d 317; *United States Fire Ins. Co. v New York Mar. & Gen. Ins. Co.,* 268 AD2d 19.) III. The injuries arose out of the insureds' horse-boarding business, thereby triggering the business pursuits exclusion. (*United Food Serv. v Fidelity & Cas. Co. of N.Y.,* 189 AD2d 74.) IV. The exception to the business pursuits exclusion does not apply. (*United*

*States Fire Ins. Co. v New York Mar. & Gen. Ins. Co.,* 268 AD2d 19; *Lamb v Security Mut. Ins. Co.,* 278 AD2d 855; *Gallo v Grosvenor,* 175 AD2d 454; *United Food Serv. v Fidelity & Cas. Co. of N.Y.,* 189 AD2d 74; *Bianco v Travelers Ins. Co.,* 99 AD2d 629; *Bowman v Allstate Ins. Co.,* 238 F3d 468; *Outwater v Ballister,* 253 AD2d 902; *Salimbene v Merchants Mut. Ins. Co.,* 217 AD2d 991; *Kennedy v Lumbermans Mut. Cas. Co.,* 152 Misc 2d 491.) V. New York Central Mutual Fire Insurance Company's disclaimer provided clear and sufficient notice of the grounds for denying coverage. (*Newin Corp. v Hartford Acc. & Indem. Co.,* 62 NY2d 916; *General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Mutual Redevelopment Houses v Greater N.Y. Mut. Ins. Co.,* 204 AD2d 145; *Waxman v Providence Washington Ins. Co.,* 207 AD2d 882; *John v Centennial Ins. Co.,* 91 AD2d 1104; *Adams v Perry's Place,* 168 AD2d 932; *Hall v Kemper Natl. Cos.,* 208 AD2d 679; *Abreu v Huang,* 300 AD2d 420.) VI. New York Central Mutual Fire Insurance Company did not waive its right to rely on the business pursuits exclusion. (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Lugo v AIG Life Ins. Co.,* 852 F Supp 187; *Matter of Worcester Ins. Co. v Bettenhauser,* 95 NY2d 185; *Waxman v Providence Washington Ins. Co.,* 207 AD2d 882; *John v Centennial Ins. Co.,* 91 AD2d 1104; *Adams v Perry's Place,* 168 AD2d 932; *Hall v Kemper Natl. Cos.,* 208 AD2d 679.)

## OPINION OF THE COURT

CIPARICK, J.

The issue presented by this appeal is the meaning of the words "arising out of" in an "uninsured premises" exclusion contained in a homeowners insurance policy. Here we hold that "arising out of" includes use of the premises (as urged by the insurer), and is not limited to the physical condition of the premises (as urged by the insured).

On June 19, 1997, a horse being led by Deborah Morris kicked the six-year-old plaintiff, Mark Maroney, in the forehead. Deborah Morris was an owner of Soft Meadow Stables, a business that boarded horses for a fee. The barn and stable had been built on property owned by the Morrises, located across the road from their residence. Before the establishment of Soft Meadow Stables, that property had been insured as part of a homeowners policy secured from defendant, New York Central Mutual Fire Insurance Company (NYCM). In May 1997, once the Morrises began boarding horses for a fee, the policy was amended to remove coverage for the property where the barn and stable were located. The Morrises obtained a separate prop-

erty and liability policy covering the barn and stable from Broome County Cooperative Fire Insurance Company (BCC). The agent who placed the insurance was Deborah Morris's mother; she testified that the change was made because of the horse-boarding business on the property, explaining that NYCM does "not do that type of insurance."

Fourteen-year-old Ashley Hoke, daughter of insured Deborah Morris, had agreed to care for the infant plaintiff during the summer of 1997. On the day of his injury, coincidentally the first day Ashley was to care for the child, Mark and his mother arrived at the Morris residence at about 6:30 A.M. While Ashley was getting herself ready for the day, Deborah Morris took the child across the road to the barn and stable where she proceeded to feed and turn out two boarded horses. As Deborah Morris was leading one of the horses to pasture, the horse kicked the infant plaintiff in the forehead, causing serious injury.

After the accident, Deborah Morris notified both BCC and NYCM of the injury. NYCM subsequently disclaimed coverage based on the policy's "business pursuits," "uninsured premises" and "home day care services" exclusions. The infant plaintiff, represented by his mother, Marsha Maroney, initiated a personal injury action against the Morrises. Marsha Maroney then brought suit against NYCM seeking a declaration that NYCM had a duty to defend and indemnify the Morrises in the underlying personal injury action. NYCM counterclaimed and commenced a third-party action against the Morrises, also seeking a declaration of its obligations under the policy.*

Supreme Court held that the exclusions did not apply, and ordered NYCM to defend and indemnify the Morrises. A divided Appellate Division reversed, concluding that the injury "arose out of" the uninsured premises and, therefore, the exclusion was applicable. We granted plaintiffs leave to appeal and now affirm.

Initially, " 'in policies of insurance . . . if any one exclusion applies there can be no coverage' " (*Monteleone v Crow Constr. Co.*, 242 AD2d 135, 140-141 [1st Dept 1998], quoting *Zandri Constr. Co. v Firemen's Ins. Co. of Newark*, 81 AD2d 106, 109 [3d Dept 1981], *affd sub nom. Zandri Constr. Co. v Stanley H.*

---

\* Because the insurer joined the insured in seeking a declaration of its rights, the Maroneys' failure to obtain a judgment in the underlying personal injury action prior to suing the tortfeasor's insurer as required by Insurance Law § 3420 does not preclude consideration of the coverage issues in this case (*see Lang v Hanover Ins. Co.*, 3 NY3d 350 [2004]).

*Calkins, Inc.*, 54 NY2d 999 [1981]). Here, the homeowners policy's "uninsured premises" exclusion provides in pertinent part that coverage for personal liability does not apply "to bodily injury or property damage . . . arising out of a premises . . . owned by an insured . . . that is not an insured location."

Plaintiff argues that the uninsured premises exclusion applies only to injuries that are causally connected to the physical condition of the premises. Under such a reading, the exclusion would be inapplicable here because the allegedly tortious conduct of Deborah Morris, not the physical condition of the premises, caused plaintiff's injuries. Defendant, by contrast, argues that the term "arising out of" is broader and pertains to both the physical condition of the premises and conduct related to the use of the uninsured premises that is causally connected to the injury. In this case of first impression, we agree with defendant insurer.

As used in a homeowners liability policy's automobile exclusion clause, "[t]he words 'arising out of' have 'broader significance . . . and are ordinarily understood to mean originating from, incident to, or having connection with' " (*Aetna Cas. & Sur. Co. v Liberty Mut. Ins. Co.*, 91 AD2d 317, 320-321 [4th Dept 1983]; *see also* 8 Couch on Insurance 3d § 119:33, at 50). We conclude that, in the uninsured premises realm, the phrase "arising out of" similarly requires only that there be some causal relationship between the injury and the risk for which coverage is provided (*see e.g. St. Paul Fire & Mar. Ins. Co. v Insurance Co. of N. Am.*, 501 F Supp 136, 139 [WD VA 1980]; *see also National Farmers Union Prop. & Cas. Co. v Western Cas. & Sur. Co.*, 577 P2d 961, 963 [Utah 1978]). That interpretation allows an insurer to reasonably define the "universe of possibilities to which it can apply its risk analysis methods . . . and determine a premium" (7 Couch on Insurance 3d § 101:40, at 101-127).

An insurer does not wish to be liable for losses arising from risks associated with a premises for which the insurer has not evaluated the risk and received a premium—or, as in this case, for a premises that contained risks the insurer when underwriting the homeowners insurance policy declined to accept. Thus, when injury-causing conduct is causally related to the purposes for which the premises are used, then the injury is deemed to "arise" from the premises. If the injurious conduct is so causally related to the use of the premises, and deemed to "arise" from the premises, then it is likely that the conduct would be insured by a policy that contemplated the risk.

When reviewing the injurious conduct and its causal relationship to the premises in this case, it is clear that the infant plaintiff's injury, the consequence of a horse's kick, was not a bargained-for risk. This injury was causally related to the purpose for which the uninsured premises were being used—the care and boarding of horses in the barn and stable. The NYCM homeowners policy as amended in May 1997 was intended to exclude coverage for bodily injury (or property damage) "arising out of" the barn and stable premises. The Morrises had removed the barn and stable from the NYCM policy and rewrote them into the BCC policy. Only one policy, the BCC policy, covered the risk here, not two, as the plaintiff contends, and we cannot create coverage where none was intended by the insured or insurer. As there exists a sufficient causal connection between the injury to the child and the purpose for which the premises were used, the injury "ar[ose] out of" such premises, and the "uninsured premises" exclusion precludes coverage.

The narrow interpretation of "arising out of" urged by the plaintiff and the dissent would extend coverage beyond the fair intent and meaning of the insurance contract. The lack of supervision of the child, and the injury, all of which gave rise to the underlying claim, occurred on the uninsured premises and were directly related to the activities carried on at premises specifically excluded from coverage.

Nor can the language of the policy be deemed ambiguous. If the insurer intended to limit the exclusion to injury resulting from a condition of the uninsured premises, it could have done so explicitly, as it does in the very same policy's medical payments coverage provisions. There, the policy limits the coverage to injury that "arises out of a condition" on the insured location and injury "caused by the activities of an insured." By not identifying "condition" and "activities" in the liability coverage provisions, NYCM indicated an intent not to limit the term "arising out of" but rather give it a broader meaning that would encompass losses incurred as a result of both a condition of the uninsured premises and conduct related to the purpose for which the uninsured premises are utilized. The conduct of Deborah Morris on the uninsured premises—allegedly failing to adequately supervise the child while she was tending to the horses—certainly "arises out of" the uninsured premises.

Neither is it significant that the care of the child commenced in the Morris residence, the insured premises. Here there is no direct causal connection between the injury and the insured

premises. Rather, the direct connection is between the injury and the uninsured location, the barn and stable (see *Bianco v Travelers Ins. Co.*, 99 AD2d 629, 630 [3d Dept 1984]).

We conclude that no defense or indemnification is owed the insured as the language of the policy exclusion is clear and unambiguous and subject to no other reasonable interpretation. Since the uninsured premises exclusion operates to deny coverage to plaintiffs, we need reach no other issue.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

ROSENBLATT, J. (dissenting). An insurance carrier invoking a policy exclusion must "establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case" (*Continental Cas. Co. v Rapid-American Corp.*, 80 NY2d 640, 652 [1993]). To my mind, the phrase "arising out of a premises" does not, without strain, refer to the conduct of the insured. It is more easily read to refer to injuries causally connected to a dangerous *condition* of the premises. While I grant that the issue is debatable, the phrase is at least ambiguous and the exclusion should be construed against the carrier.

In deciding that the "arising out of" exclusion applies, the Court does not reach the "business pursuits" exclusion that the carrier invokes.* However, I agree with Supreme Court and the dissent of the Presiding Justice at the Appellate Division that the carrier waived the business pursuits exclusion because of its insufficient notice of disclaimer.

The notice of disclaimer, in which a carrier seeks to activate the exclusion, must be highly specific (*General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]). Here, the disclaimer specifically referred only to a home day care business, making no mention of the horse-boarding business. The carrier thus created an ambiguity that could lead an insured to believe that a home day care business was the only basis on which the carrier was relying in order to deny coverage under the business pursuits exclusion. The ambiguity should be construed against the carrier and result in waiver.

Moreover, on the merits of the business pursuits issue, the carrier has also not met its burden of specificity. The business

---

* The business pursuits exclusion denies coverage for "bodily injury or property damage . . . arising out of business pursuits of an insured or the rental or holding for rental of any part of any premises by an insured."

pursuits exclusion contains an exception for "activities which are usual to non-business pursuits." Here, the plaintiff alleged that Morris was negligent in supervising her child, a nonbusiness activity. Again, where the policy's language could reasonably be interpreted in favor of the plaintiff, it is the carrier rather than the plaintiff who should bear the consequences of ambiguity.

I would therefore reverse the order appealed from and reinstate Supreme Court's order denying summary judgment to NYCM and granting it to Maroney.

Chief Judge KAYE and Judges G.B. SMITH, GRAFFEO, READ and R.S. SMITH concur with Judge CIPARICK; Judge ROSENBLATT dissents and votes to reverse in a separate opinion.

Order affirmed, with costs.