■ ALICE BERGER, Respondent, v 292 PATER INC., Doing Business as RICE, Defendant, and RAYMON ELOZUA, Doing Business as 292 ELIZABETH ST. REALTY, Appellant. [922 NYS2d 346]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered September 15, 2010, which, to the extent appealed from, denied so much of the motion of defendant-appellant Raymon Elozua, doing business as 292 Elizabeth St. Realty, as sought summary judgment dismissing the complaint, and order, same court and Justice, entered January 10, 2011, which denied without prejudice so much of Elozua's motion as sought summary judgment on its cross claim for contractual indemnification against defendant 292 Pater Inc., doing business as Rice, unanimously affirmed, without costs.

In this personal injury action, plaintiff alleges that she was injured when she tripped and fell on a piece of metal protruding from a vault step in front of premises owned by Elozua and leased by 292 Pater.

Paragraph R3 of the rider to the lease provided that 292 Pater would replace the vault step in accordance with Landmark Regulations within 180 days of lease commencement. It is undisputed that the step was never replaced.

Paragraph R7 of the rider provided that 292 Pater would indemnify Elozua from claims arising from or in connection with the use or occupancy of the premises. Paragraph R8 of the rider provided that 292 Pater would obtain insurance naming Elozua as an additional insured.

The court properly denied that branch of Elozua's motion for summary judgment dismissing the complaint. Elozua failed to meet his initial burden of establishing prima facie entitlement to judgment as a matter of law. Plaintiff's testimony and the photographs of the defect, which Elozua submitted in support of his motion, raise triable issues of fact concerning the existence of the defect and whether it was trivial. Further, the lease provision requiring replacement of the vault step raises a triable is-

sue of fact with respect to notice. Accordingly, the burden never shifted to plaintiff (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The court properly denied without prejudice that branch of Elozua's motion for summary judgment on its cross claim for contractual indemnification against 292 Pater. Although General Obligations Law § 5-321 does not preclude indemnification of a landlord for its own negligence where the lease was negotiated at arm's length by two sophisticated parties who "use insurance to allocate the risk of liability to third parties between themselves" (*Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 419 [2006]), it cannot be determined on this record whether the statute precludes Elozua from obtaining contractual indemnification from 292 Pater. Indeed, the record is devoid of evidence concerning the parties' sophistication and whether the negotiations were at arm's length. Concur—Andrias, J.P., Sweeny, Catterson, Renwick and Manzanet-Daniels, JJ.