■ CHRIST THE KING REGIONAL HIGH SCHOOL et al., Respondents, v ZURICH INSURANCE COMPANY OF NORTH AMERICA, Appellant. [937 NYS2d 290]—

The plaintiffs entered into an agreement with All American Talent (hereinafter All American), whereby All American was to rent the auditorium and three classrooms in the plaintiff Christ the King Regional High School (hereinafter the school) for two days for a dance competition. The written contract between the plaintiffs and All American required All American to provide "a [c]ertificate of [i]nsurance freeing [the school] of all liability."

Shirley Levine allegedly was injured when she fell on a sidewalk while walking from the parking lot behind the school

to the school's front entrance in order to attend the dance competition. Levine commenced an action against the present plaintiffs, alleging that her fall was caused by a sidewalk defect. The plaintiffs sought defense and indemnification in that action from the defendant, under an additional insured endorsement of a general liability policy issued by the defendant to All American. When the defendant denied that request, the plaintiffs commenced this action for a judgment declaring that the defendant is obligated to defend and indemnify them in the underlying personal injury action. The defendant moved for summary judgment declaring that it is not so obligated, on the basis that the plaintiffs were not entitled to additional insured coverage under the subject policy. The Supreme Court denied the motion, concluding that certain language in a "Building and Personal Property Coverage Form" in the policy was sufficiently ambiguous to preclude the granting of summary judgment.

The Supreme Court erred in relying on the "Building and Personal Property Coverage Form" to deny the defendant's motion. The plaintiffs did not seek coverage under that endorsement, which provided coverage for property damage.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiffs did not qualify for additional insured coverage under Section II, 2.f of the Commercial General Liability Coverage Form of the subject policy. That provision defines an "insured" to include any organization to whom All American was obligated, by virtue of a written contract for a lease of premises, "to provide insurance such as is afforded by this policy, but only with respect to liability arising out of the ownership, maintenance, or use of that part of any premises leased to you."

As an initial matter, contrary to the defendant's contention, the portion of the above-referenced provision which requires that All American be obligated to provide insurance by virtue of a written contract, in order for the plaintiffs to qualify for additional insured coverage, was satisfied here. In that regard, a provision in a written contract "cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured" (*Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]; *see Empire Ins. Co. v Insurance Corp. of N.Y.*, 40 AD3d 686, 688 [2007]). Therefore, this Court has held that additional insured coverage was not available where the named insured had entered into a contract

requiring it to obtain liability insurance for itself (*see 140 Broadway Prop. v Schindler El. Co.*, 73 AD3d 717, 718 [2010]; *Empire Ins. Co. v Insurance Corp. of N.Y.*, 40 AD3d at 688), or to provide a certificate of insurance showing that it held liability insurance in its own name (*see Trapani v 10 Arial Way Assoc.*, 301 AD2d at 647). Furthermore, it has been held that additional insured coverage was not available where the named insured had entered into a contract whereby it agreed to obtain liability insurance in its own right and to hold the other party harmless (*see Mangano v American Stock Exch.*, 234 AD2d 198, 199 [1996]; *Public Adm'r of Bronx County v Equitable Life Assur. Socy. of U.S.*, 198 AD2d 105 [1993]; *Bishop v Port Auth. of N.Y. & N.J.*, 170 AD2d 565, 567 [1991]).

None of these circumstances is present here. Rather, here, the subject contract required All American to provide a "[c]ertificate of [i]nsurance *freeing [the school] of all liability*" (emphasis added), and did not contain any provision requiring All American to hold the school harmless for any liability. Thus, the relevant contractual provision, which, unlike the provision at issue in *Trapani*, refers directly to the school, cannot be interpreted as requiring only that All American obtain liability insurance for itself, as that would render the phrase "freeing [the school] of all liability" meaningless. Nor, in the absence of a hold-harmless provision, can the relevant contractual provision reasonably be read to require that All American obtain liability insurance for itself and free the school from liability by holding the school harmless. Instead, the contract provision can only be reasonably read to require All American to include the school as an additional insured on its liability policy, such as would allow it to provide the plaintiffs with a certificate of insurance "freeing [the school] of all liability." Accordingly, the defendant failed to demonstrate the absence of the requisite written contract.

However, the above-quoted provision of the subject policy only provides additional insured coverage for "liability arising out of the . . . use of that part of any premises leased" to All American. The defendant met its prima facie burden of demonstrating that the plaintiffs failed to satisfy this portion of the policy by showing that the contract defined the leased premises as the school auditorium and three classrooms, and that the accident that is the subject of the underlying action occurred outside the school building.

In opposition, the plaintiffs attempted to raise a triable issue of fact by showing that coverage was nonetheless available under Section II, 2.e of the Commercial General Liability Coverage Form, under which, as relevant here, an "insured" is

defined to include any organization to whom All American was obligated, by virtue of a written contract, to provide liability insurance, "but only with respect to liability arising out of [its] operations." This provision requires that there be " 'some causal relationship between the injury and the risk for which coverage is provided' " (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38 [2010], quoting *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005]; *see Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411, 415 [2008]). The plaintiffs failed to raise a triable issue of fact as to the existence of such a causal relationship. All American's "operations" consisted of conducting a dance competition in the school auditorium and three classrooms. Bodily injury occurring outside the leased premises, in an area which All American had no responsibility to maintain or repair, "was not a bargained-for risk" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d at 473). Rather, All American's "operations" at the school merely furnished the occasion for the accident, much like in *Worth Constr. Co.*, where the fact that the named-insured subcontractor installed a staircase on which the injured plaintiff fell, thus furnishing "the situs of the accident," did not demonstrate that the accident, caused by the installation of fireproofing on the staircase by another subcontractor, arose from the named-insured subcontractor's "operations" (*Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d at 416; *cf. Castillo v Amjack Leasing Corp.*, 84 AD3d 1298, 1298 [2011] ["liability may not be imposed upon a party who merely furnishes the condition or occasion for the occurrence of the event but is not one of its causes" (internal quotation marks omitted)]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiffs in the underlying personal injury action entitled *Levine v Christ the King Regional High School*, commenced in the Supreme Court, Kings County, under index No. 26408/06 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Hall, Lott and Cohen, JJ., concur.