MACK-CALI REALTY CORPORATION et al., Respondents, v NGM INSURANCE COMPANY, Appellant. [990 NYS2d 253]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying personal injury action entitled *Kubicsko v Westchester County Elec., Inc.*, commenced in the Supreme Court, Westchester County, under index No. 19179/10, the defendant appeals from an order of the Supreme Court, Westchester County (Walker, J.), dated January 16, 2013, which, inter alia, granted the plaintiffs' motion for summary judgment declaring that the defendant is obligated to defend the plaintiffs in the underlying personal injury action and that the defendant's policy is primary to any other coverage that the plaintiffs may have procured, and denied the defendant's cross motion for summary judgment, inter alia, dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment declaring that the defendant is obligated to defend the plaintiffs in the underlying personal injury action, the defendant's policy is primary to any other coverage that the plaintiffs may have procured, and the defendant is obligated to reimburse the plaintiffs for their out-of-pocket expenses incurred as a result of the defendant's failure to defend.

Westchester County Electric, Inc. (hereinafter WCE), as tenant, and the predecessor-in-interest to Mack-Cali Realty Corporation and Mack-Cali CW Realty Associates, LLC (hereinafter together Mack-Cali), as owner, entered into a business lease. Among other things, under the terms of the lease, WCE was to obtain comprehensive general liability insurance and

agreed to hold Mack-Cali harmless for any claims or injuries caused as a result of WCE's occupancy of the premises. WCE obtained business owner's liability insurance through NGM Insurance Company (hereinafter NGM) and named Mack-Cali as an additional insured thereunder. Mack-Cali was insured by Lexington Insurance Company. Thereafter, a personal injury action was commenced against WCE and Mack-Cali by a UPS worker who allegedly fell while climbing onto the loading dock of the premises to deliver packages to WCE. When Mack-Cali tendered its defense to NGM, NGM declined to defend, and Mack-Cali commenced this action seeking, inter alia, a judgment declaring that NGM is obligated to defend Mack-Cali in the underlying personal injury action.

The Supreme Court properly determined that Mack-Cali is entitled to a judgment declaring that NGM is obligated to defend it in the underlying personal injury action. An insurer's duty to defend its insured is "exceedingly broad" (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37 [2010] [internal quotation marks omitted]). "[A]n insurer will be called upon to provide a defense whenever the allegations of the complaint 'suggest . . . a reasonable possibility of coverage' " (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007], quoting *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). "If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714, citing *Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 73 [1989]). "[A]n '[a]dditional insured is a recognized term in insurance contracts . . . [and] the well-understood meaning of the term is an entity enjoying the same protection as the named insured' " (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 714-715, quoting *Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003]). Thus, the standard for determining whether an additional insured is entitled to a defense is the same as that which is used to determine if a named insured is entitled to a defense (*BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d at 715).

It is undisputed that Mack-Cali is entitled to additional insured coverage only if liability arose out of the ownership, maintenance, or use of the leased premises. The phrase "arising out of" has been interpreted to mean "originating from, incident to, or having connection with" and requires "only that there be some causal relationship between the injury and the risk for which coverage is provided" (*Worth Constr. Co., Inc. v Admiral*

*Ins. Co.*, 10 NY3d 411, 415 [2008] [internal quotation marks omitted], citing *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005]). Here, there is a causal relationship between the UPS worker's injury and the risk for which coverage was provided, namely, bodily injury sustained by third parties during an activity relevant to the operation of WCE's business (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d at 473). Since the UPS worker was delivering packages to the subject premises that were intended for WCE, the accident occurred in the course of an activity necessarily incidental to the operation of the space leased (*see 1515 Broadway Fee Owner, LLC v Seneca Ins. Co., Inc.*, 90 AD3d 436 [2011]; *Jenel Mgt. Corp. v Pacific Ins. Co.*, 55 AD3d 313 [2008]).

In addition, the loading dock where the accident occurred was necessarily used for loading and unloading deliveries intended for WCE. Thus, by implication, it was part of the premises that WCE was licensed to use under the lease (*see ZKZ Assoc. v CNA Ins. Co.*, 89 NY2d 990 [1997]; *Ambrosio v Newburgh Enlarged City School Dist.*, 5 AD3d 410 [2004]). "[T]he perimeters of coverage afforded under the policy must be viewed not in strictly territorial terms but rather in operational terms covering the extent of control over the premises" that the lease vested in WCE (*Maldonado v Kissm Realty Corp.*, 18 AD3d 627, 628 [2005]). The use of the loading dock was incidental to the covered premises as a means of delivering packages to WCE in the operation of its business. The fact that the UPS worker may be found to have been negligent by attempting to use the loading dock to access the office on the interior of the building instead of using the stairs adjacent to the loading dock is irrelevant.

Accordingly, the injury arose out of the use of the leased premises and falls within the scope of the "additional insured" clause of the insurance policy (*see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34 [2010]).

Furthermore, the allegations that trigger a duty to defend also trigger an obligation to pay defense costs (*see Federal Ins. Co. v Kozlowski*, 18 AD3d 33, 40 [2005]). Since NGM's duty to defend under the terms of the policy is triggered by a "suit" against an insured, such duty arose upon the commencement of the underlying personal injury action (*see HRH Constr. Interiors, Inc. v Royal Surplus Lines Ins. Co.*, 16 AD3d 115 [2005]).

The Supreme Court also properly determined that Mack-Cali is entitled to a judgment declaring that the NGM policy is primary to any other coverage which Mack-Cali may have procured. WCE procured the NGM policy, which, by endorsement, named

Mack-Cali as an additional insured thereunder. The Lexington policy under which Mack-Cali was insured provides, inter alia, that "[t]his insurance is excess over and shall not contribute with any other valid and collectible insurance available to an insured whether such other insurance is stated to be on a primary, excess, contingent or any other basis, except any other insurance written to be specifically excess over this insurance." The NGM policy does not indicate that it is specifically excess over the Lexington policy. To the contrary, it was written as primary coverage for WCE and added Mack-Cali as an additional insured, which entitles Mack-Cali to the same coverage rights as the primary insured (see *William Floyd School Dist. v Maxner*, 68 AD3d 982 [2009]).

Accordingly, the Supreme Court properly granted Mack-Cali's motion for summary judgment declaring that NGM is obligated to defend Mack-Cali in the underlying personal injury action and that the NGM policy is primary to any other coverage Mack-Cali may have procured.

NGM's remaining arguments in opposition to Mack-Cali's motion for summary judgment and in support of its cross motion for summary judgment are without merit. Accordingly, the Supreme Court also properly denied NGM's cross motion for summary judgment, inter alia, dismissing the complaint.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Westchester County, for the entry of a judgment declaring that NGM is obligated to defend Mack-Cali in the underlying personal injury action, NGM's policy is primary to any other coverage that Mack-Cali may have procured, and NGM is obligated to reimburse Mack-Cali for the out-of-pocket expenses incurred as a result of NGM's failure to defend (see *Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.