■ CHAPPAQUA CENTRAL SCHOOL DISTRICT et al., Appellants, v PHILADELPHIA INDEMNITY INSURANCE COMPANY, Respondent, et al., Defendant. [48 NYS3d 784]—

In an action for a judgment declaring that the defendant Philadelphia Indemnity Insurance Company is obligated to defend and indemnify the plaintiffs herein in an underlying personal injury action entitled *Brunsting v Chappaqua Cent. Sch. Dist.*, commenced in the Supreme Court, Westchester County, under index No. 53598/11, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Brown, J.), entered October 10, 2014, which granted the motion of the defendant Philadelphia Indemnity Insurance Company for summary judgment, in effect, declaring that it is not obligated to

defend and indemnify the plaintiffs in the underlying action, and denied their cross motion for summary judgment declaring that the defendant Philadelphia Indemnity Insurance Company is so obligated.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Philadelphia Indemnity Insurance Company is not obligated to defend or indemnify the plaintiffs in the underlying action.

The defendant Patricia Brunsting was employed by the Chappaqua Children's Workshop, Inc. (hereinafter CCW), which operated a children's after-school program in the cafeteria of the Robert E. Bell Middle School building (hereinafter the school), which was owned by the plaintiff Chappaqua Central School District (hereinafter CCSD). CCSD leased the cafeteria to CCW for its after-school program pursuant to a written agreement. In January 2011, Brunsting allegedly was injured when she tripped and fell while descending an exterior staircase that led from the school down to its parking lot. CCW had a liability insurance policy in effect with the defendant Philadelphia Indemnity Insurance Company (hereinafter the PIIC policy). CCSD had a liability insurance policy in effect with the New York Schools Insurance Reciprocal (hereinafter the NYSIR policy). Brunsting commenced an action against CCSD to recover damages for personal injuries (hereinafter the underlying action). NYSIR settled the underlying action for $200,000.

PIIC was timely notified of the underlying action, but disclaimed coverage to CCSD as an additional insured on the grounds that Brunsting was not injured on the leased premises and because CCW was not responsible for maintaining or repairing the staircase. New York Schools Insurance Foundation and CCSD commenced this action seeking a declaration that PIIC is obligated to provide defense and indemnification in the underlying action. PIIC moved for summary judgment, in effect, declaring that it is not so obligated, and the plaintiffs cross-moved for summary judgment declaring that PIIC is obligated to defend and indemnify them in the underlying action as an "additional insured" under the PIIC policy. The PIIC policy had a provision providing coverage for "Managers, Landlords, or Lessors of Premises" for "liability arising out of the ownership, maintenance or use of that part of the premises leased or rented to you" (hereinafter the additional insured provision). The plaintiffs contended that the additional insured provision covered the underlying action because the term "aris-

ing out of the use" was a broad, comprehensive term, and because the staircase was "necessarily used for access" to the leased premises. PIIC countered that the accident was not covered by the additional insured provision because it did not occur within the leased premises, and because the staircase was not "necessarily incidental" to the use of the leased premises. The Supreme Court granted PIIC's motion and denied the plaintiffs' cross motion. We affirm.

An insurer's duty to defend is "exceedingly broad" (*Colon v Aetna Life & Cas. Ins. Co.*, 66 NY2d 6, 8 [1985]; *see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 37 [2010]; *Mack-Cali Realty Corp. v NGM Ins. Co.*, 119 AD3d 905, 906 [2014]). An additional insured is entitled to the same coverage as if it were a named insured (*see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714-715 [2007]; *Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 99 NY2d 391, 393 [2003]). "If any of the claims against an insured arguably arise from covered events, the insurer is required to defend the entire action" (*Frank v Continental Cas. Co.*, 123 AD3d 878, 880 [2014]; *see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]). The phrase "arising out of" requires "only that there be some causal relationship between the injury and the risk for which coverage is provided" (*Mack-Cali Realty Corp. v NGM Ins. Co.*, 119 AD3d at 906-907 [internal quotation marks omitted]; *see Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411, 415 [2008]). Yet "[a]n insurer does not wish to be liable for losses arising from risks associated with . . . premises for which the insurer has not evaluated the risk and received a premium" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005]). Moreover, "unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*White v Continental Cas. Co.*, 9 NY3d 264, 267 [2007]; *see ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d 763, 764 [2013]). The interpretation of policy language is a question of law for the court (*see White v Continental Cas. Co.*, 9 NY3d at 267; *ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d at 764).

PIIC established, prima facie, that it was entitled to summary judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action. The additional insured provision unambiguously provided that CCSD was an additional insured, as a "Lessor," for liability "arising out of" the "ownership, maintenance or use" of the "premises leased" to CCW, namely, the cafeteria. It is undisputed that

CCW leased only the cafeteria from CCSD, and that CCW had no duty to maintain or repair the staircase where the accident occurred. There was no causal relationship between the injury and the risk for which coverage is provided (*see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d at 38; *Christ the King Regional High School v Zurich Ins. Co. of N. Am.*, 91 AD3d 806, 809 [2012]). Accordingly, Brunsting's injury was not a bargained-for risk (*see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d at 473).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether there was any causal relationship between the accident and the risk for which coverage was provided (*see Christ the King Regional High School v Zurich Ins. Co. of N. Am.*, 91 AD3d at 808).

Accordingly, the Supreme Court properly granted PIIC's motion and denied the plaintiffs' cross motion.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that PIIC is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.