ATLANTIC AVE. SIXTEEN AD, INC., et al., Appellants, v VALLEY FORGE INSURANCE COMPANY, Respondent, et al., Defendants. [56 NYS3d 207]—

In an action, inter alia, for a judgment declaring that the defendant Valley Forge Insurance Company is obligated to defend and indemnify the plaintiffs Atlantic Ave. Sixteen AD, Inc., and Universal Strapping Corp. in an underlying personal injury action entitled *Raven v Universal Strapping Corp.*, commenced in the Supreme Court, Kings County, under Index No. 4126/11, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Loehr, J.), dated October 3, 2014, which granted the motion of the defendant Valley Forge Insurance Company for summary judgment, in effect, declaring that it had no obligation to defend and indemnify the plaintiffs Atlantic Ave. Sixteen AD, Inc., and Universal Strapping Corp. in the underlying action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that the defendant Valley Forge Insurance Company is not obligated to defend and indemnify the plaintiffs Atlantic Ave. Sixteen AD, Inc., and Universal Strapping Corp. in the underlying action.

The defendant Eric Raven was employed by the defendant Linea 3, doing business as Marilena Imports (hereinafter Linea), which operated a wedding and party-favor supply business in a portion of a building owned by the plaintiff Atlantic Ave. Sixteen AD, Inc. (hereinafter Atlantic). Linea rented space in the building pursuant to a written lease with Atlantic (hereinafter the lease). The lease provided that the building's parking lot was a common area, and that Atlantic was responsible for maintaining the common areas, including snow removal. The plaintiff Universal Strapping Corp. (hereinafter Universal) also operated a business in a different portion of the building. Universal and Atlantic were owned by the same principals. On the morning of January 28, 2011, Raven allegedly was injured when he slipped and fell on a patch of black ice in the building's parking lot as he was walking from his car to the building to begin work. Raven commenced an action against Atlantic and Universal to recover damages for personal injuries (hereinafter the underlying action).

At the time of the accident, Atlantic and Universal had a commercial liability insurance policy in effect with the plaintiff Citizens Insurance Company of America (hereinafter Citizens), and Linea had a commercial liability insurance policy in effect with the defendant Valley Forge Insurance Company (hereinafter Valley Forge). The Valley Forge insurance policy contained an endorsement providing coverage for Atlantic as an additional insured for "liability arising out of the ownership, maintenance or use of that part of the premises leased to [Linea] and shown in the Schedule" (hereinafter the additional insured endorsement). The "Schedule" stated that Linea had leased "Unit 2" of the building, and made no reference to the parking lot. Atlantic tendered to Valley Forge its claim for a defense and indemnification in the underlying action as an additional insured, but Valley Forge denied Atlantic's tender on the ground that the potential liability did not arise out of the ownership, maintenance, or use of the part of the premises leased to Linea. It argued that, according to the lease, the parking lot was a common area outside of the leased premises, and Atlantic was responsible for snow and ice removal from the parking lot. The plaintiffs then commenced this action

seeking, among other things, a declaration that Valley Forge was obligated to defend and indemnify Atlantic and Universal in the underlying action. Valley Forge moved for summary judgment, in effect, declaring it was not obligated to defend and indemnify Atlantic and Universal in the underlying action. The Supreme Court granted Valley Forge's motion, and the plaintiffs appeal.

As an initial matter, and contrary to the plaintiffs' contention, Valley Forge's motion for summary judgment was not premature, since the plaintiffs failed to offer an evidentiary basis to suggest that discovery might lead to relevant evidence (*see Hanover Ins. Co. v Prakin*, 81 AD3d 778, 780 [2011]; *Essex Ins. Co. v Michael Cunningham Carpentry*, 74 AD3d 733, 734 [2010]; *Peerless Ins. Co. v Micro Fibertek, Inc.*, 67 AD3d 978, 979 [2009]).

An insurer's duty to defend is "exceedingly broad" (*Mack-Cali Realty Corp. v NGM Ins. Co.*, 119 AD3d 905, 906 [2014] [internal quotation marks omitted]). An additional insured is entitled to the same coverage as if it were a named insured (*see id.*). "If any of the claims against an insured arguably arise from covered events, the insurer is required to defend the entire action" (*Frank v Continental Cas. Co.*, 123 AD3d 878, 880 [2014], citing *Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]). The phrase "arising out of" requires "only that there be some causal relationship between the injury and the risk for which coverage is provided" (*Mack-Cali Realty Corp. v NGM Ins. Co.*, 119 AD3d at 906 [internal quotation marks omitted]). "[A]n insurer does not wish to be liable for losses arising from risks associated with a premises for which the insurer has not evaluated the risk and received a premium" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005]). Moreover, "[u]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (*ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d 763, 764 [2013] [internal quotation marks omitted]). The interpretation of policy language is a question of law for the courts (*see id.* at 764).

Here, Valley Forge established its prima facie entitlement to judgment as a matter of law. The additional insured endorsement unambiguously provided that Atlantic was an additional insured for liability "arising out of" the "ownership, maintenance or use" of the "premises leased" to Linea. Linea leased only a portion of the building from Atlantic, not the parking lot where the accident occurred, and it had no duty to maintain the parking lot. As such, there was no causal relationship be-

tween the injury and the risk for which coverage was provided, and Raven's injury was not a bargained-for risk (*see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d at 473; *Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co.*, 148 AD3d 980, 982-983 [2017]).

In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Atlantic was an additional insured with regard to the accident, which occurred outside of the leased premises (*see Christ the King Regional High School v Zurich Ins. Co. of N. Am.*, 91 AD3d 806, 808 [2012]).

Accordingly, the Supreme Court properly granted Valley Forge's motion. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Rockland County, for the entry of a judgment, inter alia, declaring that Valley Forge was not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Austin, Miller and Barros, JJ., concur.