Lissauer v GuideOne Specialty Mut. Ins. (2018 NY Slip Op 03522)





Lissauer v GuideOne Specialty Mut. Ins.


2018 NY Slip Op 03522


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-10952
 (Index No. 4509/11)

[*1]Chaim Lissauer, respondent, 
v
GuideOne Specialty Mutual Insurance, appellant.


Schnader Harrison Segal & Lewis LLP, New York, NY (Carl J. Schaerf and Allison A. Snyder of counsel), for appellant.
Lipsius-BenHaim Law, LLP, Kew Gardens, NY (Ira S. Lipsius, Phillip M. Manela, and David BenHaim of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 3420(a)(2) to recover the amount of an unsatisfied judgment in favor of the plaintiff and against the defendant's purported insured, the defendant appeals from a judgment of the Supreme Court, Kings County (Francois A. Rivera, J.), dated September 8, 2015. The judgment, upon an order of the same court dated October 31, 2014, granting the plaintiff's motion for summary judgment on the complaint and denying the defendant's cross motion for summary judgment dismissing the complaint, is in favor of the plaintiff and against the defendant in the principal sum of $1,041,116.50.
ORDERED that the judgment is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is denied, the defendant's cross motion for summary judgment dismissing the complaint is granted, the complaint is dismissed, and the order dated October 31, 2014, is modified accordingly.
The plaintiff was a student of a school owned and operated by nonparty Beth Medrash Emek Halacha (hereinafter Beth Medrash) in a building it owned. Beth Medrash also owned and operated a synagogue within the building, and it leased space within the building to residential and commercial tenants. The plaintiff allegedly was injured when he fell while descending an exterior staircase of the building. The plaintiff commenced a personal injury action (hereinafter the underlying action) against Beth Medrash, certain related entities, and Yeshiva Sharei Hatzlucha, Inc. (hereinafter the Yeshiva), which owned and operated an elementary school pursuant to a sublease with a previous tenant (hereinafter the lease). The lease described the demised premises as "Apartment No. 6 located on the 2nd floor and space that was formerly apartments 1 and 2 on the first floor" of the building. The Yeshiva had a liability insurance policy (hereinafter the policy) in effect with the defendant insurer that named Beth Medrash as an additional insured (hereinafter the additional insured provision). The plaintiff obtained a default judgment against Beth Medrash in the underlying action, and subsequently commenced this action pursuant to Insurance Law § 3420(a)(2) against the defendant to enforce the additional insured provision of the policy to satisfy the judgment. The plaintiff moved for summary judgment on the complaint, and the defendant cross-moved for summary judgment dismissing the complaint. In an order dated October 31, 2014, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court [*2]entered a judgment upon the order in favor of the plaintiff on the complaint. The defendant appeals.
The additional insured provision named Beth Medrash as an additional insured "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [the Yeshiva]." The phrase "arising out of" requires "only that there be some causal relationship between the injury and the risk for which coverage is provided" (Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 906 [internal quotation marks omitted]; see Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415; Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co., 148 AD3d 980, 982). "An insurer does not wish to be liable for losses arising from risks associated with . . . premises for which the insurer has not evaluated the risk and received a premium" (Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472). Moreover, "unambiguous provisions of an insurance contract must be given their plain and ordinary meaning" (White v Continental Cas. Co., 9 NY3d 264, 267; see ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d 763, 764). The interpretation of policy language is a question of law for the court (see White v Continental Cas. Co., 9 NY3d at 267; Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co., 148 AD3d at 982; ABM Mgmt. Corp. v Harleysville Worcester Ins. Co., 112 AD3d at 764).
On his motion for summary judgment, the plaintiff failed to establish, prima facie, that the policy provided coverage to Beth Medrash as an additional insured for his injury. It is undisputed that the Yeshiva did not lease the staircase the plaintiff was descending when he fell, and that the plaintiff was not a student or invitee of the Yeshiva at the time of the accident. Therefore, there was no causal relationship between the plaintiff's injury and the risk for which coverage was provided (see Atlantic Ave. Sixteen AD, Inc. v Valley Forge Ins. Co., 150 AD3d 1182, 1184-1185; Christ the King Regional High School v Zurich Ins. Co. of N. Am., 91 AD3d 806, 809; cf. Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38; Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co., 148 AD3d at 982-983). Consequently, the plaintiff's injury was not a bargained-for risk (see Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d at 473; Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co., 148 AD3d at 983). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
On its cross motion for summary judgment, the defendant established, prima facie, that there was no causal relationship between the accident and the risk for which coverage was provided. In opposition, the plaintiff failed to raise a triable issue of fact (see Atlantic Ave. Sixteen AD, Inc. v Valley Forge Ins. Co., 150 AD3d at 1184-1185; Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co., 148 AD3d at 982-983; Christ the King Regional High School v Zurich Ins. Co. of N. Am., 91 AD3d at 808). Accordingly, the Supreme Court should have granted the defendant's cross motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court