Pixley Dev. Corp. v Erie Ins. Co. (2019 NY Slip Op 05865)





Pixley Dev. Corp. v Erie Ins. Co.


2019 NY Slip Op 05865


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


369 CA 18-01441

[*1]PIXLEY DEVELOPMENT CORP., PLAINTIFF-APPELLANT,
v
ERIE INSURANCE COMPANY AND CANDY APPLE CAFÉ, DEFENDANTS-RESPONDENTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (JENNIFER A. EHMAN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered January 23, 2018. The order denied the motion of plaintiff for a declaratory judgment and granted the cross motion of defendants for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the complaint against defendant Erie Insurance Company, granting the motion of plaintiff in part and granting judgment in favor of plaintiff as follows:
It is ADJUDGED AND DECLARED that defendant Erie Insurance Company is obligated to defend plaintiff in the underlying personal injury action,
and as modified the order is affirmed without costs.
Memorandum: Plaintiff, Pixley Development Corp. (Pixley), commenced this action seeking, inter alia, a declaration that defendant Erie Insurance Company (Erie) is obligated to provide a defense and indemnification for Pixley, as an additional insured, in an underlying personal injury action (Johnson v Pixley Dev. Corp., 169 AD3d 1516 [4th Dept 2019]). Pixley also demanded judgment against defendant Candy Apple Café (Café) for contractual indemnity "and on each of its causes of action against [the Café and Erie]." The plaintiff in the underlying action (tort plaintiff) alleged that he sustained injuries when he slipped and fell on ice in the delivery driveway behind a plaza owned by Pixley while delivering supplies to the Café, a tenant of the plaza.
Pixley moved for summary judgment declaring, inter alia, that Erie is obligated to defend and indemnify it, and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied Pixley's motion and granted defendants' cross motion. We agree with Pixley that the court erred in granting defendants' cross motion insofar as it sought summary judgment dismissing the complaint against Erie and in denying Pixley's motion insofar as it sought a declaration that Erie is obligated to defend Pixley in the underlying personal injury action. We therefore modify the order accordingly.
"[I]t is well settled that an insurer's duty to defend [its insured] is exceedingly broad and an insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage . . . The duty to defend [an] insured[] . . . is derived from the allegations of the complaint and the terms of the policy. If [a] complaint contains any facts or allegations which bring the claim even potentially within the protection purchased, the insurer is obligated to defend" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007] [internal quotation marks omitted]; see Worth Constr. Co., Inc. v Admiral Ins. [*2]Co., 10 NY3d 411, 415 [2008]). Here, the allegations of the personal injury complaint and the terms of the policy create a reasonable possibility that the tort plaintiff's claims are covered under the terms of the policy.
Pursuant to the provisions of the lease, the premises leased to the Café was defined as "a ground floor store approximately 5600 square feet, (the Premises'), together with . . . the right to use the driveway designated for delivery purposes in common with other tenants." Although the delivery driveway was deemed a common area under the terms of the lease, the Café was required to pay its proportionate share of common area maintenance charges and was further obligated to provide "for the benefit of [Pixley], a comprehensive liability policy of insurance protecting [Pixley] against any liability whatsoever, occasioned by accident, on or about the Premises, or any appurtenances thereto" (emphasis added).
The Café obtained the requisite insurance policy, which named Pixley as an additional insured, but that additional insured endorsement insured Pixley "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [the Café] and shown in the Schedule." The supplemental declarations to the policy identified the leased premises only by its address. We conclude that the allegations in the complaint suggest a reasonable possibility of coverage inasmuch as the tort plaintiff's claims arguably "arise out of" the Café's maintenance or use of that part of the premises leased to it (see generally Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472 [2005] [emphasis added]).
Pixley established on its motion that "the use of the [delivery driveway] was included in the scope of the demised premises" (Tower Ins. Co. of N.Y. v Leading Ins. Group Ins. Co., Ltd., 134 AD3d 510, 510 [1st Dept 2015]), and there are triable issues of fact whether the Café " assumed some responsibility for maintenance of [that area], including snow removal' " (Johnson, 169 AD3d at 1518; cf. Atlantic Ave. Sixteen AD, Inc. v Valley Forge Ins. Co., 150 AD3d 1182, 1183-1184 [2d Dept 2017]; Chappaqua Cent. Sch. Dist. v Philadelphia Indem. Ins. Co., 148 AD3d 980, 982-983 [2d Dept 2017], lv denied 29 NY3d 913 [2017]; Christ the King Regional High School v Zurich Ins. Co. of N. Am., 91 AD3d 806, 809 [2d Dept 2012]). In addition, the delivery driveway "was necessarily used for access in and out of [the Café] and was thus, by implication, part of the . . . premises' that [the Café] was licensed to use under the [lease]" (ZKZ Assoc. v CNA Ins. Co., 89 NY2d 990, 991 [1997]; see Tower Ins. Co. of N.Y., 134 AD3d at 510; Mack-Cali Realty Corp. v NGM Ins. Co., 119 AD3d 905, 907 [2d Dept 2014]; cf. Chappaqua Cent. Sch. Dist., 148 AD3d at 982-983). Other factors relevant to our determination that the claims arguably arise out of that part of the premises leased to the Café are that the lease required the Café to procure insurance against any liabilities " on or about the demised premises or any appurtenances thereto' " (1515 Broadway Fee Owner, LLC v Seneca Ins. Co., Inc., 90 AD3d 436, 437 [1st Dept 2011] [emphasis added]) and required the Café "to pay its proportional share of the common area costs' incurred in operating and maintaining the subject property" (One Reason Rd., LLC v Seneca Ins. Co., Inc., 163 AD3d 974, 977 [2d Dept 2018]). We thus conclude that Pixley established as a matter of law that Erie is obligated to defend Pixley in the underlying personal injury action, and defendants failed to raise an issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Thus, the court erred in denying Pixley's motion insofar as it sought a declaration to that effect and, for the same reasons, erred in granting that part of defendants' cross motion for summary judgment dismissing the complaint against Erie insofar as it sought that relief.
We further conclude, however, that Pixley failed to establish as a matter of law that it will ultimately be entitled to indemnification from Erie under the insurance policy, and the court therefore properly denied Pixley's motion insofar as it sought a declaration to that effect. We note, however, that to the extent that the court relied on General Obligations Law § 5-322.1 in determining that Pixley must establish its freedom from negligence to "open the door to indemnification," we agree with Pixley that such a determination was in error. That section applies to construction contracts. The provision relevant to leases is section 5-321, and the record here is insufficient to determine whether that section precludes Pixley's ultimate indemnification (see generally Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]; Berger v 292 Pater Inc., 84 AD3d 461, 462 [1st Dept 2011]). We also conclude that Erie failed to establish as a matter of law that it is not required to indemnify Pixley under the insurance policy, and thus the court erred in granting the cross motion to that extent.
Contrary to Pixley's contention, we conclude that the court properly granted the cross motion insofar as it sought summary judgment dismissing the complaint against the Café, i.e., the second and fourth causes of action, although for reasons different from those expressed by the court. Those causes of action are "predicated upon the same factual allegations as the [indemnification cross claims in the personal injury action], and seek[] damages which may be recovered" in that separate action (Mecca v Shang, 258 AD2d 569, 570 [2d Dept 1999], lv dismissed 95 NY2d 791 [2000]; see generally CPLR 3211 [a] [4]; Bostany v Trump Org. LLC, 88 AD3d 553, 554 [1st Dept 2011]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court