# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1119**
**CA 11-00887**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

MARK DZIELSKI AND COLLEEN DZIELSKI,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

ESSEX INSURANCE COMPANY, DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

HURWITZ & FINE, P.C., BUFFALO (DAN D. KOHANE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

DAMON MOREY LLP, BUFFALO (KATHLEEN M. REILLY OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Erie County (Diane Y. Devlin, J.), entered November 17,
2010. The judgment, among other things, awarded plaintiffs the sum of
$950,000 against defendant Essex Insurance Company.

It is hereby ORDERED that the judgment so appealed from is
modified on the law by reducing the award of $950,000 to $499,500,
plus interest, and as modified the judgment is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking judgment
declaring that defendant is obligated to indemnify its insured in the
underlying personal injury action commenced by plaintiffs, in which
defendant's insured had defaulted. The underlying action arose from
injuries sustained by Mark Dzielski (plaintiff) when he fell from the
loading dock after exiting the rear door of a nightclub owned and
operated by defendant's insured. On the evening in question,
plaintiff had provided sound equipment for a band that performed at
the nightclub, and the accident occurred while plaintiff was carrying
equipment from the nightclub to his truck after the concert had
concluded. According to plaintiffs, the accident was caused by
defects in the loading dock. In this action, Supreme Court granted
plaintiffs' motion for summary judgment and denied defendant's cross
motion for summary judgment, awarding judgment to plaintiffs in the
amount of the default judgment entered against defendant's insured in
the underlying action, i.e., $950,000, together with interest and
costs.

Defendant disclaimed coverage to its insured based on a "stage
hand" exclusion in the policy's "Restaurant, Bar, Tavern, Night Clubs,
Fraternal and Social Clubs Endorsement." That exclusion provides in

relevant part that "[t]he coverage under this policy does not apply to 'bodily injury,' . . . or any injury, loss or damage arising out of . . . [i]njury to any entertainer, stage hand, crew, independent contractor, or spectator, patron or customer who participates in or is a part of any athletic event, demonstration, show, competition or contest . . . ."  It is axiomatic that, "to 'negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383).  We agree with plaintiffs that the language "participates in or is a part of any . . . show" is ambiguous, and that the court properly resolved that ambiguity against the insurer, "particularly [because it is] an exclusionary clause" (*Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398).  Although, as defendant suggests, the policy language may be read broadly to encompass all persons who performed any tasks in connection with the show, including loading and unloading sound equipment, it may also reasonably be read narrowly to encompass only those persons who actually performed in the show or were injured as a result of activities occurring during the show.  It is undisputed that the accident occurred after the show had ended, and we note in particular that the accident was caused by a defect in the premises that was wholly unrelated to the show itself.  We thus conclude that the court properly determined that the exclusion does not apply in this case.

We reject defendant's contention that the inclusion of the phrase "arising out of" in the exclusion mandates the broader interpretation espoused by defendant.  Even assuming, arguendo, that the phrase "arising out of" is interpreted as "originating from, incident to, or having connection with" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 470 [internal quotation marks omitted]), we note that coverage is excluded only if an accident originates from, is incident to or has connection with a person's "participat[ion]" in a "show." Here, it cannot be said that there is no ambiguity concerning whether the accident arose out of plaintiff's participation in a show, which in fact had ended before the accident occurred.

We further conclude, however, that, pursuant to the insurance policy in question, coverage for plaintiff's accident is limited to $500,000 per occurrence, with a $500 deductible.  We therefore modify the judgment by reducing the award from $950,000 to $499,500, plus interest and costs.

All concur except FAHEY and PERADOTTO, JJ., who dissent and vote to reverse in accordance with the following Memorandum:  We respectfully dissent because, in our view, the exclusionary language in the applicable insurance policy is " 'clear and unmistakable . . ., is subject to no other reasonable interpretation, and applies in th[is] particular case' " (*Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383).  We would therefore deny plaintiffs' motion for summary judgment, grant defendant's cross motion for summary judgment, and declare that defendant has no obligation to indemnify its insured in the underlying personal injury action commenced by plaintiffs.

As noted by the majority, the underlying personal injury action arose from injuries sustained by Mark Dzielski (plaintiff) when he fell from a loading dock after exiting the rear door of a nightclub owned and operated by defendant's insured. On the night in question, plaintiff, an independent contractor, had provided sound reinforcement services, which included setting up sound equipment, for a band that had performed at the nightclub. The accident occurred while plaintiff was in the process of removing his sound equipment from the nightclub at the conclusion of the show. According to plaintiffs, the accident was caused by the defective nature of the loading dock. Plaintiffs commenced the underlying personal injury action against defendant's insured, and the insured defaulted. Thereafter, plaintiffs commenced this action seeking judgment declaring that defendant is obligated to indemnify its insured in the underlying action. Supreme Court granted plaintiffs' motion for summary judgment and denied defendant's cross motion for summary judgment, awarding judgment to plaintiffs in the amount of the default judgment entered against defendant's insured in the underlying action, i.e., $950,000, together with interest and costs.

"Where the provisions of an insurance contract are clear and unambiguous, the courts should not strain to superimpose an unnatural or unreasonable construction" (*Maurice Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986, 987). Here, defendant disclaimed coverage to its insured based on an exclusion in the policy's "Restaurant, Bar, Tavern, Night Clubs, Fraternal and Social Clubs Endorsement." That exclusion provides in relevant part that "[t]he coverage under this policy does not apply to 'bodily injury,' . . . or any injury, loss or damage *arising out of . . . [i]njury to any* entertainer, *stage hand, crew, independent contractor*, or spectator, patron or customer *who participates in or is a part of any* athletic event, demonstration, *show*, competition or contest" (emphasis added). The exclusion thus applies where two conditions are met: (1) the injured party is an entertainer, stage hand, crew member, independent contractor, spectator, patron or customer who "participates in or is a part of" an athletic event, demonstration, show, competition or contest; and (2) the injury "arises out of" such participation.

Contrary to the conclusion of the majority, we conclude that the language "participates in or is a part of any . . . show" is not ambiguous, and that plaintiff falls squarely within that language. As noted above, plaintiff was hired by the band to provide sound reinforcement services for the show, and thus there is no question that he "participate[d] in or [wa]s a part of" the show on the night of his accident. The majority's conclusion that such clause may "reasonably be read narrowly to encompass only those persons who actually performed in the show or were injured as a result of activities occurring during the show" is not supported by the plain language of the exclusion. First, if the exclusion was intended to apply only to those persons who "actually performed" in a show, then the language "spectator, patron or customer" in the exclusion would be superfluous. Second, such an interpretation imposes a temporal limitation on the exclusion where no such limitation appears therein. Indeed, if defendant had intended to limit the exclusion in that

manner, it could have done so explicitly as it did in other provisions of the policy (*see Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 473). For example, the policy's medical payments coverage provision specifically excludes expenses for bodily injury "[t]o a person injured *while taking part in* athletics" (emphasis added). Similarly, the policy's "combination endorsement" excludes expenses for bodily injury or personal injury to any person "*while practicing for or participating in* any event or function of a sporting or athletic nature" (emphasis added). Here, by contrast, the absence of such limiting language in the exclusion in question reflects an intent to provide a broad exclusion for all injuries arising from participation in shows or other special events (*see Maroney*, 5 NY3d at 473).

We further conclude that plaintiff's injury "ar[o]se[] out of" his participation in the show within the meaning of the exclusion. In the insurance context, the phrase "arising out of" has been broadly interpreted to mean "originating from, incident to, or having connection with" (*Maroney*, 5 NY3d at 472 [internal quotation marks omitted]; *see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38). Here, plaintiff's accident occurred while he was in the process of removing his sound equipment from the nightclub. The process of packing up and removing sound equipment at the conclusion of a show necessarily "originat[es] from, [is] incident to, or ha[s] connection with" the show (*Maroney*, 5 NY3d at 472 [internal quotation marks omitted]). The fact that plaintiff's accident was allegedly caused by the defective nature of the loading dock rather than any condition of the show itself does not remove plaintiff's injury from the policy exclusion. "[T]he focus of the inquiry 'is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained' " (*Regal Constr. Corp.*, 15 NY3d at 38). Indeed, "the phrase 'arising out of' . . . requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (*Maroney*, 5 NY3d at 472), and such a causal relationship clearly exists here.

Entered:   December 23, 2011                    Frances E. Cafarell
                                                Clerk of the Court