■ SCOTTSDALE INDEMNITY COMPANY, Appellant, v JULIANNE W. BECKERMAN, Individually and as Mayor of the Incorporated Village of Muttontown,Respondents, et al., Defendants. [992 NYS2d 117]—

In an action for a judgment declaring, inter alia, that the plaintiff, Scottsdale Indemnity Company, is not obligated to defend or indemnify the defendants Julianne W. Beckerman, individually and as Mayor of the Incorporated Village of Mut-

tontown, Carl Juul-Nielson, J. Randolph Bartholomew, Steven Fine, and Pat Miller, individually and in their official capacities as Members of the Board of Trustees of the Incorporated Village of Muttontown, Vivian Van Wagner, as Village Clerk of the Incorporated Village of Muttontown, the Board of Trustees of the Incorporated Village of Muttontown, and the Incorporated Village of Muttontown in an underlying hybrid action for a declaratory judgment and proceeding pursuant to CPLR article 78 entitled *Lexjac, LLC v Beckerman*, pending in the Supreme Court, Nassau County, under index No. 12654/07, and an underlying action to recover damages for alleged violations of Federal constitutional rights entitled *Lexjac, LLC v Beckerman*, pending in the United States District Court for the Eastern District of New York, under Case No. 2007 Civ. 4614, the plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Feinman, J.), dated December 13, 2012, as denied its motion for summary judgment declaring that it is not obligated to defend or indemnify those defendants in the underlying matters, and granted that branch of the cross motion of those defendants which was for summary judgment dismissing the complaint insofar as asserted against them and declaring that the plaintiff is so obligated, and (2) from a judgment of the same court dated March 27, 2013, which, upon the order, is in favor of those defendants and against it dismissing the complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the defendants Julianne W. Beckerman, individually and as Mayor of the Incorporated Village of Muttontown, Carl Juul-Nielson, J. Randolph Bartholomew, Steven Fine, and Pat Miller, individually and in their official capacities as Members of the Board of Trustees of the Incorporated Village of Muttontown, Vivian Van Wagner, as Village Clerk of the Incorporated Village of Muttontown, the Board of Trustees of the Incorporated Village of Muttontown, and the Incorporated Village of Muttontown in the underlying matters is granted, those branches of the cross motion of those defendants which were for summary judgment dismissing the complaint insofar as asserted against them and declaring that the plaintiff is so obligated is denied, the order is modified accordingly, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring

that the plaintiff is not obligated to defend or indemnify those defendants in the underlying matters; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a]).

At issue in this case is the taking, by the Village of Muttontown, of a 1.1-acre parcel of real property from the defendants Richard Entel and his limited liability company, Lexjac, LLC (hereinafter together the Entel defendants). A predecessor in interest to the Entel defendants offered to dedicate the parcel to the Village as parkland, but the Village did not accept the dedication (*see Foreal Homes v Incorporated Vil. of Muttontown*, 128 AD2d 585 [1987], *affd* 71 NY2d 821 [1988]). In 2005, the Board of Trustees of the Village of Muttontown (hereinafter the Board of Trustees), with Entel, who was then a member, recusing himself, officially declined the offer of dedication, and Lexjac, LLC, delivered a conservation easement over the parcel to the Village. In 2007, after a hotly contested mayoral election between Entel and the defendant Julianne W. Beckerman, in which Beckerman prevailed, the Village rescinded its 2005 resolution declining the dedication, and thereupon accepted the dedication.

The Entel defendants challenged that taking by commencing an action in the United States District Court against, among others, Beckerman, individually and as Mayor of the Village, Carl Juul-Nielson, J. Randolph Bartholomew, Steven Fine, and Pat Miller, individually and in their official capacities as members of the Board of Trustees, the Board of Trustees, and the Village alleging (1) a violation of the right to equal protection, (2) a deprivation of substantive due process, (3) a deprivation of procedural due process, and (4) a violation of the right to free speech. In 2011, after the Entel defendants were awarded summary judgment on the cause of action alleging a deprivation of procedural due process, the remaining causes of action in the federal court action were dismissed. The Entel defendants also commenced a hybrid action and proceeding in the Supreme Court, Nassau County, against Beckerman, individually and as Mayor of the Village, Vivian Van Wagner, as Clerk of the Village, the Board of Trustees, and the Village, seeking (1) damages for breach of a contract allegedly created by the 2005 resolution of the Board of Trustees declining the offer of dedication, (2) a

judgment declaring that the Village failed to comply with the Eminent Domain Procedure Law, (3) to quiet title to the parcel in dispute, (4) damages for a de facto taking, (5) the annulment of the 2007 resolution accepting the dedication on the ground that the determination adopting the resolution was arbitrary and capricious, (6) the annulment of the 2007 resolution on the ground that the acceptance of the parcel did not comply with the State Environmental Quality Review Act (ECL art 8), and (7) to compel the Village to decline the dedication.

The plaintiff is an insurance carrier that insured the Village and its officials for claims arising from public officials' wrongful acts. However, the relevant insurance policy contained an exclusion for "[a]ny injury or damage arising out of or resulting from a taking that involves or is in any way related to the principles of eminent domain, inverse condemnation . . . or dedication by adverse use or by whatever name used." In 2012, the plaintiff commenced the instant action against Beckerman, Van Wagner, the individual members of the Board of Trustees, the Board of Trustees itself, and the Village (hereinafter collectively the Village defendants) for a judgment declaring that the exclusion absolves the plaintiff from defending and indemnifying the Village, its agencies, and its officials in relation to the Entel defendants' remaining claims in both the underlying federal and state-court matters (*see QBE Ins. Corp. v Jinx-Proof Inc.*, 22 NY3d 1105 [2014]).

An insurer's contractual duty to defend is liberally construed, and is broader than the duty to indemnify (*see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011]). The duty to defend " 'arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy' " (*id.*, quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]; *see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). "The duty to defend is not triggered, however, when the only interpretation of the allegations against the insured is that the factual predicate for the claim falls wholly within a policy exclusion" (*Yangtze Realty, LLC v Sirius Am. Ins. Co.*, 90 AD3d 744, 744-745 [2011] [internal quotation marks omitted]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 444 [2002]).

Policy exclusions "are subject to strict construction and must be read narrowly" (*Automobile Ins. Co. of Hartford v Cook*, 7 NY3d at 137), and any ambiguities in the insurance policy are to be construed against the insurer (*see Ace Wire & Cable Co. v*

*Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Lancer Ins. Co. v Marine Motor Sales, Inc.*, 84 AD3d 1318 [2011]). However, unambiguous provisions of insurance contracts will be given their "plain and ordinary" meaning (*Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]; *see ABM Mgmt. Corp. v Harleysville Worcester Ins. Co.*, 112 AD3d 763, 764 [2013]).

In the context of a policy exclusion, the phrase "arising out of" is unambiguous, and is interpreted broadly to mean "originating from, incident to, or having connection with" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005] [internal quotation marks omitted]; *see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38 [2010]; *Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350-352 [1996]; *Natural Organics, Inc. v OneBeacon Am. Ins. Co.*, 102 AD3d 756, 759 [2013]; *Dzielski v Essex Ins. Co.*, 90 AD3d 1493, 1497 [2011], *revd on dissenting op* 19 NY3d 871, 873 [2012]). A "but-for" test applies to determine the applicability of an "arising out of" exclusion (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d at 350-352; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821 [1995]). In other words, if the plaintiff in an underlying action or proceeding alleges the existence of facts clearly falling within such an exclusion, and none of the causes of action that he or she asserts could exist but for the existence of the excluded activity or state of affairs, the insurer is under no obligation to defend the action (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d at 350-352; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d at 823; *Natural Organics, Inc. v OneBeacon Am. Ins. Co.*, 102 AD3d at 759).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating that the remaining claims asserted by the Entel defendants in the underlying federal and state-court matters all arose out of "a taking that involves or is in any way related to the principles of eminent domain, inverse condemnation . . . or dedication," a situation that is specifically excluded from coverage by the clear and unambiguous language of the policy (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d at 352; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d at 823). In opposition to the plaintiff's showing, the Village defendants failed to raise a triable issue of fact.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination.

Accordingly, the Supreme Court should have granted the

plaintiff's motion for summary judgment declaring that it is not obligated to defend or indemnify the Village defendants in the underlying federal and state-court matters, and denied those branches of the Village defendants' cross motion which were for summary judgment dismissing the complaint insofar as asserted against them (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]) and declaring that the plaintiff is so obligated.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the plaintiff is not obligated to defend or indemnify the Village defendants in the underlying federal and state-court matters (*see Lanza v Wagner*, 11 NY2d at 334). Mastro, J.P., Dickerson, Hinds-Radix and Duffy, JJ., concur.