■ COUNTRY-WIDE INSURANCE COMPANY, Appellant, v EXCELSIOR INSURANCE COMPANY et al., Respondents. [46 NYS3d 96]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about September 10, 2015, which denied plaintiff's motion for summary judgment declaring that defendants are primary insurers of the parties' mutual insured and are responsible for reimbursing plaintiff in connection with the underlying litigation against the mutual insured, and granted defendants' motion for summary judgment declaring that they are not obligated to defend or indemnify the insured in the underlying action or to reimburse plaintiff in connection therewith, and sua sponte dismissed the complaint, unanimously modified, on the law, to reinstate the complaint, and to declare that defendants have no duty to reimburse plaintiff in the underlying litigation, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

Plaintiff, Country-Wide Insurance Company, issued a "Truckers Policy" to Truck-Rite Distributions Systems Corp. (Truck-Rite) with a $1,000,000 per-accident coverage limit. Defendant Excelsior Insurance Company issued a commercial general liability policy to Truck-Rite that contained several exclusions. Pursuant to the "Aircraft, Auto or Watercraft" provision, the Excelsior policy excluded coverage for bodily injury "arising out of" the use, including loading and unloading, of autos operated by or rented or loaned to Truck-Rite. "Auto" was defined in the policy as "a land motor vehicle, trailer or semitrailer designed for travel on public roads."

An employee of Truck-Rite, while unloading a trailer owned by R&L Carriers, Inc. (R&L) and leased to Truck-Rite, was injured while unloading material from inside a shipping trailer onto an attached lift gate. The lift gate failed, causing the employee to fall. The employee commenced an action to recover for personal injuries against R&L, which in turn commenced a third-party action against Truck-Rite for, inter alia, contractual and common-law indemnification. The underlying action and third-party action ultimately settled, with Truck-Rite paying $785,000 toward the settlement. Plaintiff herein, which provided Truck-Rite with a defense and paid the settlement amount on its behalf, now seeks reimbursement from defendants.

"Policy exclusions are subject to strict construction and must be read narrowly, and any ambiguities in the insurance policy are to be construed against the insurer. However, unambiguous provisions of insurance contracts will be given their plain and ordinary meaning" (*Scottsdale Indem. Co. v Beckerman*, 120 AD3d 1215, 1218-1219 [2d Dept 2014], *lv denied* 24 NY3d 912 [2014] [internal quotation marks and citations omitted]).

"In the context of a policy exclusion, the phrase arising out of is unambiguous, and is interpreted broadly to mean 'originating from, incident to, or having connection with' " (*id.* at 1219 [some internal quotation marks omitted], quoting *Maroney v New York Cent. Mut. Fire Ins. Co.*, 5 NY3d 467, 472 [2005]). To determine the applicability of an "arising out of" exclusion, the Court of Appeals had adopted a "but for" test (*see Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 350 [1996]). This test is defined as follows: "[I]f the plaintiff in an underlying action or proceeding alleges the existence of facts clearly falling within such an exclusion, and none of the causes of action that he or she asserts could exist but for the existence of the excluded activity or state of affairs, the insurer is under no obligation to defend the action" (*Scottsdale Indem. Co.*, 120 AD3d at 1219, citing *Mount Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d at 350-352; *U.S. Underwriters Ins. Co. v Val-Blue Corp.*, 85 NY2d 821, 823 [1995]).

Here, the underlying plaintiff's accident occurred while he was unloading material from a shipping trailer, an activity clearly encompassed by the exclusion. The fact that his injury was allegedly caused by the defective nature of the trailer lift does not remove the injury from the policy exclusion. "[T]he focus of the inquiry 'is not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained' " (*Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38 [2010], quoting *Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411, 416 [2008]). "[T]he phrase 'arising out of' . . . requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (*Dzielski v Essex Ins. Co.*, 90 AD3d 1493, 1497 [4th Dept 2011, Fahey & Peradotto, JJ., dissenting], *revd on dissenting op* 19 NY3d 871 [2012]). Such a causal relationship between the injury and exclusion clearly exists here and requires dismissal of the complaint.

In light of our determination, the parties' remaining contentions need not be addressed. Concur—Friedman, J.P., Sweeny, Richter, Manzanet-Daniels and Kapnick, JJ.