Zurich Am. Ins. Co. v ACE Am. Ins. Co. (2018 NY Slip Op 07074)





Zurich Am. Ins. Co. v ACE Am. Ins. Co.


2018 NY Slip Op 07074


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Sweeny, J.P., Gische, Tom, Mazzarelli, Kern, JJ.


7448 651579/16

[*1]Zurich American Insurance Company, Plaintiff-Respondent,
v
ACE American Insurance Company, Defendant-Appellant, Progressive Casualty Insurance Company, et al., Defendants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Brian J. Whiteman of counsel), for appellant.
Coughlin Duffy LLP, New York (Gabriel E. Darwick of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engeron, J.), entered July 25, 2017, which granted plaintiff insurer's (Zurich) motion for partial summary judgment declaring that the injured claimants qualified as insureds under defendant insurer's (ACE) policy, that ACE had a duty to defend in the underlying action, and that Zurich was entitled to contribution and indemnification from ACE as the coverage provided by ACE's commercial general liability policy was primary to the Zurich automobile policy, unanimously reversed, on the law, with costs, the motion denied, and it is declared that ACE has no duty to reimburse plaintiff's costs in the underlying actions. The Clerk is directed to enter judgment so declaring.
The duty to defend does not attach where, as a matter of law, there is no basis on which the insurer may be held liable for indemnification (see Spoor—Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875, 876 [1976]). The burden of establishing that a claim falls within a policy's exclusionary provisions rests with the insurer (see Neuwirth v Blue Cross & Blue Shield of Greater N.Y., Blue Cross Assn., 62 NY2d 718, 719 [1984]), Here, the claimants' signed statements and the accident reports are properly considered to clarify ambiguous pleadings and meet ACE's burden that the underlying claims fell within the scope of its automobile exclusion (see Striker Sheet Metal II Corp. v Harleysville Ins. Co. of New York, 2018 WL 654445, *9-10 [ED NY 2018]).
The commercial general liability coverage provided by ACE included the following "Aircraft, Auto or Watercraft" exclusion, which excluded:
" Bodily injury' or property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto' or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and loading or unloading.'"
Here, as in Country-Wide Ins. Co. v Excelsior Ins. Co. (147 AD3d 407, 408 [1st Dept 2017], lv denied 30 NY3d 905 [2017]), the general nature of the operation of unloading the rebar cages, by the necessary step of untying the straps, led to the injuries sustained by the underlying claimants. Although the complaints alleged that the accident happened due to cages that were improperly constructed, improperly placed, improperly operated, improperly maintained, and not properly secured, the assertions nonetheless "arise out of" the loading and unloading of the truck, and the ACE policy's auto exclusion is therefore applicable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK