Automobile Ins. Co. of Hartford, Conn. v Damadian (2019 NY Slip Op 08808)





Automobile Ins. Co. of Hartford, Conn. v Damadian


2019 NY Slip Op 08808


Decided on December 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 10, 2019

Friedman, J.P., Kapnick, Kern, Oing, JJ.


10532 160743/15

[*1] The Automobile Insurance Company of Hartford, Connecticut, Plaintiff,
v
Jevan Damadian, et al., Defendants. Jonathan Tang, Deceased, by and through Timothy Tang, etc., Defendant-Respondent.
Jevan Damadian, Third-Party Plaintiff-Appellant,
v
North Country Insurance Company, Third-Party Defendant-Respondent.


Anderson Kill P.C., New York (Marshall Gilinsky of counsel), for appellant.
Finkelstein & Partners, LLP, Newburgh (George A. Kohl, II of counsel), for Jonathan Tang, respondent.
Smith Dominelli & Guetti LLC, Albany (Christopher A. Guetti of counsel), for North Country Insurance Company, respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 28, 2018, which to the extent appealed from as limited by the briefs, granted third-party defendant North Country Insurance Company's (NCIC) summary judgment motion seeking a declaration that it was not obligated to defend or indemnify third-party plaintiff Jevan Damadian in the underlying wrongful death action, unanimously affirmed, without costs.
The underlying wrongful death action alleged that Damadian's negligence in not providing proper life preservers at his premises, and failure to properly check and maintain the kayaks he allowed the occupants renting his lake house to use on a nearby pond, caused Jonathan Tang to fall into the water and drown.
NCIC issued a property insurance policy to Damadian, which insured the premises the decedent rented during the relevant time period. Pursuant to the watercraft provision, the insurance policy excluded coverage for bodily injury "resulting from the use, occupancy, renting, loaning, or entrusting" of watercraft while not ashore.
"To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]). In this matter, because the kayak was not ashore, the exclusion applied. Thus, NCIC has no duty to defend or indemnify Damadian in the [*2]underlying action (see Mount Vernon Fire Ins. Co. v Creative Hous., 88 NY2d 347, 352 [1996]; Country-Wide Ins. Co. v Excelsior Ins. Co., 147 AD3d 407, 40 [1st Dept 2017], lv denied 30 NY3d 905 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 10, 2019
CLERK