Castlepoint Ins. Co. v Southside Manhattan View LLC (2020 NY Slip Op 00357)





Castlepoint Ins. Co. v Southside Manhattan View LLC


2020 NY Slip Op 00357


Decided on January 16, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2020

Friedman, J.P., Richter, Kern, Singh, JJ.


10795 650123/14

[*1] Castlepoint Insurance Company, Plaintiff-Respondent,
v
Southside Manhattan View LLC, Defendant-Appellant, Focus Construction Group By B.A., Inc., et al., Defendants.


Babchik & Young, LLP, White Plains (Jordan Sklar of counsel), for appellant.
Law Office of Steven G. Fauth, LLC, New York (Steven G. Fauth of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Eileen A. Rakower, J.), entered August 8, 2016, which granted plaintiff Castlepoint Insurance Company summary judgment declaring that it has no duty to defend or indemnify defendant Southside Manhattan View LLC in the underlying personal injury action, by virtue of a construction exclusion in the insurance policy, unanimously affirmed, without costs.
Castlepoint issued an insurance policy to Southside, which contains a construction exclusion for bodily injury arising out of the "[c]hange, alteration, or modification of the size of any building or structure"; "[m]ovement of any building or structure"; "[c]onstruction or erection of any new building or structure"; "[d]emolition of any building or structure"; or "[c]onstruction, demolition, movement of any load-bearing wall or any modification to the structure of any load[-]bearing wall." The exclusion expressly provides that it "applies to any work performed as part of or in connection with any of the foregoing [enumerated operations]," and "applies regardless of whether the described operations are ongoing, completed or in any other stage when the loss occurs."
Defendant Giovanni DiSimone, who is the plaintiff in the underlying action, alleges in that action that while working on sprinklers at the subject premises as part of a renovation project, he fell off a ladder after coming in contact with live, uninsulated electrical wires. Castlepoint disclaimed any duty to defend or indemnify Southside in the underlying action, citing the construction exclusion in the policy.
"[A]n insurance policy, as with any written contract, must be accorded [its] plain and ordinary meaning" (West 56th St. Assoc. v Greater N.Y. Mut. Ins. Co., 250 AD2d 109, 112 [1st Dept 1998]). "Policy exclusions are subject to strict construction and must be read narrowly, and any ambiguities in the insurance policy are to be construed against the insurer. However, unambiguous provisions of insurance contracts will be given their plain and ordinary meaning" (Country-Wide Ins. Co. v Excelsior Ins. Co., 147 AD3d 407, 408 [1st Dept 2017], lv denied 30 NY3d 905 [2017]). "When an insurer seeks to disclaim coverage on the ... basis of an exclusion, ... the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137 [2006] [internal quotation marks omitted]). By this standard, Castlepoint has met its prima facie burden of demonstrating that DiSimone's work installing or repairing sprinklers was "in connection" with the operations enumerated in the construction exclusion. Southside has failed to raise a material issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2020
CLERK