Dormitory Auth. State of N.Y. v RLI Ins. Co. (2021 NY Slip Op 01193)





Dormitory Auth. State of N.Y. v RLI Ins. Co.


2021 NY Slip Op 01193


Decided on February 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 25, 2021

Before: Kapnick, J.P., Mazzarelli, Singh, Kennedy, JJ. 


Index No. 451339/17 Appeal No. 12644 Case No. 2020-02538 

[*1]Dormitory Authority — State of New York, Plaintiff-Respondent,
v
RLI Insurance Company et al., Defendants-Appellants.


Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for appellants.
Brown Hutchinson LLP, Rochester (T. Andrew Brown of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 24, 2020, which granted plaintiff's motion for summary judgment to declare that defendants are obligated to defend and indemnify it in the underlying action, denied defendant Mt. Hawley's cross motion for summary judgment to declare that it has no such obligation, and declared that both defendants must defend and indemnify plaintiff, modified, on the law, to declare that only Mt. Hawley is obligated to plaintiff and only to the extent of indemnification, and, as so modified, affirmed, without costs.
In April 2010, plaintiff Dormitory Authority of the State of New York (DASNY) entered into a contract with Charan Electrical Enterprises, Inc. (Charan), whereby Charan would "[r]eplace 500 MCM feeder cables from the basement level to the 9th floor roof level of" the library at Baruch College.
Pursuant to the contract, Charan made DASNY an additional insured on its policies. Its primary policy was issued by Harleysville. Its excess policy was issued by defendant Mt. Hawley Insurance Company (Mt. Hawley), a subsidiary of defendant RLI Insurance Company (RLI).
Mt. Hawley's policy states in relevant part that, "This insurance does not apply to 'bodily injury' arising out of ongoing operations described in the Schedule of this endorsement". In turn, the schedule includes "[e]xterior work above ground level, interior work over 15 feet above the floor, whether performed by the insured or by subcontractors on the insured's behalf" (id.).
In April 2014, Dara Singh (Singh) — a Charan employee — was injured at the Baruch College jobsite. According to Singh, the job required Charan's employees to pull cable from the top of the building to the basement through a pipe. Singh was injured when a reel of cable which he had brought to the roof of the building rolled down a flight of stairs and crushed his leg.
In June 2014, DASNY received a notice of claim from Singh. On October 21, it demanded defense and indemnification from Harleysville and RLI. On November 20, 2014, Mt. Hawley received an investigative report about Singh's accident. The next day, it disclaimed coverage on the basis of the "exterior work above ground level" exclusion. In March 2015, Harleysville accepted DASNY's tender.
As plaintiff concedes, defendant RLI Insurance Company has no obligation because the subject policy was not issued by it; the policy was issued by Mt. Hawley Insurance Company. As plaintiff also concedes, Mt. Hawley is not obligated to defend (as opposed to indemnify) it, given the language of the policy.
Mt. Hawley's disclaimer was timely as it promptly investigated the accident, determined the facts and issued the disclaimer the following day (see Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008]; see also e.g. George Campbell Painting v National Union Fire Ins. Co. of Pittsburgh, PA, 92 AD3d 104, 114 [1st Dept 2012]).
"Policy exclusions are subject to strict construction and must be read [*2]narrowly, and any ambiguities in the insurance policy are to be construed against the insurer" (Castlepoint Ins. Co. v Southside Manhattan View LLC, 179 AD3d 507, 508 [1st Dept 2020][internal citations omitted]). "When an insurer seeks to disclaim coverage on the . . . basis of an exclusion, . . . the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (id. [internal citations omitted]).
Here, we agree with the motion court that Mt. Hawley has not met its prima facie burden in demonstrating that Singh's work replacing the cables in the library was "exterior work above ground level". The schedule is unambiguous. Mt. Hawley intended to differentiate between work done exteriorly and interiorly, and not where the injury occurred (see West 56th St. Assoc. v Greater N.Y. Mut. Ins.Co., 250 AD2d 109, 113-114 [1st Dept 1998] [between two similarly worded provisions, the phrase "in the course of any job" made difference as to whether liability was within scope of the exclusion]). Since Charan was rewiring the interior of the library, the work falls outside the scope of the exclusion.
All concur except Kennedy, J.
who concurs in a separate opinion:




KENNEDY, J. (Concurring)
 

I agree with my colleagues that the order of the Supreme Court should be modified as set forth in the majority opinion and the conclusion that Mt. Hawley Insurance Company (Mt. Hawley) has not met its prima facie burden in demonstrating that Dara Singh's (Singh) work replacing the cables in the library was "exterior work above ground level," as contemplated by the exclusion. Therefore, I join the bench in the result. However, I respectfully disagree with the majority's conclusion that the work falls outside the scope of the exclusion since Charan Electrical Enterprises Inc. was rewiring the interior of the library and that the exclusion was meant to differentiate between the scope of work done exteriorly and interiorly, and not where the injury occurred. Rather, I conclude that the exclusion is ambiguous.
"When an insurer seeks to disclaim coverage on the . . . basis of an exclusion, . . . the insurer will be required to provide a defense unless it can demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in toto, are subject to no other interpretation" (Castlepoint Ins. Co. v Southside Manhattan View LLC, 179 AD3d 507, 508 [1st Dept 2020]). Here, plaintiff alleged that Mt. Hawley's disclaimer was improper because the exclusion is ambiguous and inapplicable. It contends that the "exterior work above ground level" language refers to the scope of work of the contracted project. It was Mt. Hawley's burden, as the proponent of summary judgment, to establish that its [*3]interpretation of the exclusion, that "exterior work" refers to the location of the task being performed when the injury occurred, is subject "to no other interpretation" (Castlepoint Ins. Co.,179 AD3d at 508 [internal quotation marks and citation omitted]). I agree with the majority that it has failed to make any such showing.
However, while the majority adopts plaintiff's interpretation, finding that the work performed when the injury occurred unequivocally falls outside the scope of the exclusion, I conclude that the exclusion is subject to two interpretations. "Exterior work" could reasonably be read to mean the scope of work and differentiate between work done exteriorly and interiorly, and not where the injury occurred, as plaintiff contends. Alternatively, it could just as reasonably be read to refer to the type of work/task that was being performed when the injury occurred, and the location thereof. In light of the dueling reasonable interpretations, the exclusion, on its face, is ambiguous and, thus, as a matter of law, must be read against Mt. Hawley, the insurer (Castlepoint Ins. Co., 179 AD3d at 508).
I join the majority in all other respects.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2021