Pinpoint Bldrs., Inc. v Golden Ins. Co. (2023 NY Slip Op 05482)

Pinpoint Bldrs., Inc. v Golden Ins. Co.

2023 NY Slip Op 05482

Decided on October 31, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 31, 2023

Before: Kern, J.P., Friedman, Kennedy, Pitt-Burke, JJ. 

Index No. 653864/16, 595955/16 Appeal No. 943 Case No. 2022-01002 

[*1]Pinpoint Builders, Inc., Plaintiff-Appellant,
v
Golden Insurance Company, Defendant-Respondent.
Golden Insurance Company, Third-Party Plaintiff-Respondent,
v
Pinpoint Builders, Inc., Third-Party Defendant-Appellant, A 1 Iron Works NY Corp., Third-Party Defendant.

Delahunt Law PLLC, Buffalo (Timothy E. Delahunt of counsel), for appellant.
Smith Mazure, P.C., New York (Joel M. Simon of counsel), for respondent.

Order and judgment (one paper) of the Supreme Court, New York County (David Cohen, J.), entered September 8, 2021, which, insofar as appealed from, denied the motion of plaintiff Pinpoint Builders, Inc. for summary judgment on its complaint, and granted the motion of defendant third-party plaintiff Golden Insurance Company for summary judgment seeking a declaration that it has no duty to defend or indemnify Pinpoint as an additional insured under the Golden-issued insurance policy for the injuries claimed by the plaintiff in the underlying personal injury action to the extent of declaring that the coverage provided to Pinpoint under the Golden policy was excess to any coverage provided by the policy issued to Pinpoint by nonparty Mt. Hawley Insurance Company and that Golden had no duty to defend Pinpoint against claims in the underlying personal injury action, unanimously modified, on the law, to vacate the declaration as to Golden's duty to defend Pinpoint and to declare that, in the event it is determined that Pinpoint is covered as an additional insured under the Golden policy for this loss, Golden and Mt. Hawley are co-insurers of Pinpoint as an additional insured in the underlying action, and otherwise affirmed, without costs.
Pinpoint contends that it is entitled to a defense and indemnification by Golden in connection with the underlying personal injury action as an additional insured under a policy issued by Golden to A1 Iron Works NY Corp, the underlying plaintiff's employer. The policy contained an "exclusion exterior operations" endorsement which stated in relevant part: "This insurance does not apply to 'Bodily Injury' or 'Property Damage' arising out of 'your work' on the exterior of any building which [at] its highest point is over three (3) stories in height." Pinpoint asserts that this exclusion does not apply because the building on which the underlying plaintiff was injured was less than three stories in height at the time of the accident.
Under a narrow reading of the policy exclusion (see Dormitory Auth. of the State of N.Y. v RLI Ins. Co., 191 AD3d 592, 593 [1st Dept 2021]), Supreme Court correctly denied summary judgment as to the exclusion because there are issues of fact with respect to its applicability. The exclusion does not quantify what is meant by "three stories in height." Thus, even if the exclusion is viewed from the time of the underlying incident, the record presents issues of fact as to whether the underlying plaintiff's work at the time of the incident was being done on a building that was considered more than three stories high at its highest point under the provisions of the applicable Building Code (see Lend Lease [U.S.] Constr. LMB Inc. v Zurich American Ins. Co., 136 AD3d 52, 56 [1st Dept 2015], affd on other grounds 28 NY3d 675 [2017]).
However, we agree with Pinpoint that, in the event it is determined that the exclusion under the Golden policy does not apply, Pinpoint's coverage under the Golden policy [*2]is co-primary with its coverage under the policy issued by Mt. Hawley. Both policies contain "other insurance" provisions that purport to shift the coverage to excess coverage. Accordingly, the competing "other insurance" provisions cancel each other out and, should there be coverage under the Golden policy, Golden and Mt. Hawley will become co-insurers for Pinpoint as an additional insured (see Sport Rock Intl., Inc. v American Cas. Co. of Reading, Pa., 65 AD3d 12, 18-19 [1st Dept 2009]; see also Kel-Mar Designs, Inc. v Harleysville Ins. Co. of N.Y., 127 AD3d 662, 663 [1st Dept 2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 31, 2023